**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RASHAD BRAZIER** | § | |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL NO. 4:26-CV-351-P** |
| | § | |
| **TARRANT EQUITY LLC, ET AL.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AS TO PLAINTIFF'S EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER**

On March 24, 2026, *pro se* Plaintiff Rashad Brazier ("Plaintiff") filed an Emergency Motion for Temporary Restraining Order ("Motion"). In that Motion, pursuant to the Protecting Tenants at Foreclosure Act ("PFTA"), Plaintiff requests this Court grant a temporary restraining order ("TRO") enjoining any enforcement actions against 3417 Montague Street, Fort Worth, Texas. (*See* Emergency Motion for Temporary Restraining Order ("TRO") at 1-2.) At this time, no Defendant has been served; as such, this is an ex parte application for a TRO. *See* Fed. R. Civ. P. 65(b)(1). Having carefully reviewed the motion, the Court finds, concludes, and recommends that the motion be **DENIED** because Plaintiff failed to comply with Federal Rule of Civil Procedure 65(b)(1) as required for the Court to issue a TRO without written or oral notice.

Moreover, even assuming Plaintiff had complied with Rule 65(b)(1) to obtain a TRO, Plaintiff must also satisfy the following four requirements: (1) A substantial likelihood that the movant will prevail on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the injunction will not disserve the public interest. *See Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *Champion Nat'l Sec., Inc. v. A&A Sec. Grp., LLC*, No. 3:21-CV-00528-M, 2021 WL 1400979, at *3 (N.D. Tex. Apr. 13, 2021). The party seeking injunctive relief must clearly carry the burden of

persuasion on all four prerequisites to prevail. *See Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief.'" *CompuCom Sys., Inc. v. WJ Global, LLC*, No. 3:14-CV-3625-L, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (quoting *Hassani v. Napolitano*, No. 3:09-CV-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009)). As stated above, Plaintiff is proceeding under the PTFA. The PFTA does not provide a private right of action. *Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1169 (9th Cir. 2013); *Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 158 (6th Cir. 2014); *Bey v. PEF Capital Properties, LLC*, No. 3:12-CV-2371-L, 2013 WL 2094100, at *2 (N.D. Tex. May 15, 2013) (collecting cases). Consequently, the Court also finds, concludes, and recommends that the motion be **DENIED** because there is no substantial likelihood of success on the merits.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d

1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **April 16, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED April 2, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

3