**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RASHAD BRAZIER** | § | |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL NO. 4:26-CV-351-P** |
| | § | |
| **TARRANT EQUITY LLC, ET AL.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES
MAGISTRATE JUDGE REGARDING DISMISSAL OF PLAINTIFF'S COMPLAINT**

On March 24, 2026, *pro se* Plaintiff Rashad Brazier ("Plaintiff") filed a Complaint [doc. 1] against Defendant Tarrant Equity LLC and Defendant Capital Fund 1 LLC (collectively "Defendants"). In his Complaint, Plaintiff brings a single claim under the Protecting Tenants at Foreclosure Act ("PFTA"). (Plaintiff's Complaint ("Pl.'s Compl.") at 2.) Plaintiff alleges he is the tenant of 3417 Montague Street, Fort Worth, Texas (the "property"). (Pl.'s Compl. at 2.) Plaintiff further alleges that "Defendants attempted eviction and enforcement actions without providing the required federal protections including the required ninety (90) day notice to vacate." (Pl.'s Compl. at 2.) Plaintiff is seeking "declaratory and injunctive relief preventing enforcement actions that violate" the PFTA. (Pl.'s Compl. at 2.)

In an order dated March 25, 2026, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") [doc. 8]. Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding IFP. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in

1

the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief about the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

In this case, the Complaint is both frivolous and fails to state a claim because the PFTA does not provide a private right of action. *Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1169 (9th Cir. 2013); *Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 158 (6th Cir. 2014); *Bey v. PEF Capital Properties, LLC*, No. 3:12-CV-2371-L, 2013 WL 2094100, at *2 (N.D. Tex. May 15, 2013) (collecting cases). Instead, "the PTFA only provides tenants with federal defenses to eviction[.]" *Logan*, 722 F.3d at 1169 (quoting *Wells Fargo Bank v. Lapeen,* No. C11–01932, 2011 WL 2194117, at *1 (N.D.Cal. June 6, 2011)).[1]

Accordingly, the Court **FINDS and CONCLUDES** that this case should **DISMISSED**, *sua sponte*, for being frivolous as well as for failing to state a claim on which relief can be granted. *See Miller v. Sam Houston State Univ.*, 986 F.3d 880, 888-89 (5th Cir. 2021) (stating that a district court may dismiss a complaint for failure to state a claim *sua sponte* as long as the procedure is fair or as long as the plaintiff has alleged his best case).

Because he appears *pro se*, Plaintiff's pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In this case, however, granting Plaintiff leave to amend would be futile because Plaintiff can add no facts that would overcome the lack of a private right of action under the PFTA. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (futility in this context is "interpreted it to mean that the amended complaint would fail to state a claim upon which relief could be granted"). Thus, it is clear that that no amount of liberal construction could manufacture a viable legal claim here.

---

[1] Quotation marks omitted.

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE** for being frivolous and for failure to state a claim upon which relief can be granted.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **April 16, 2026**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 2, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

4